UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: _____

INTREPID FINANCIAL SERVICES, INC.,           IN ADMIRALTY
a Florida corporation,

       Plaintiff
v.

IRWIN E. TAUBER, an individual, and
PENGUINO, a vessel, and her tackle, armament,
apparel, appurtenances, cargo and property
located within.

       Defendant.
_____/

### PLAINTIFF'S VERIFIED COMPLAINT *IN REM*

NOW COMES Plaintiff, INTREPID FINANCIAL SERVICES, INC, a Florida corporation ("Plaintiff" and/or "Intrepid"), by and through its undersigned counsel, and sues the Defendants IRWIN E. TAUBER, an individual ("Tauber"), and PENGUINO, a vessel and her tackle, armament, apparel, appurtenances, cargo, and property located within ("Vessel"), and for its cause of action states:

#### Parties, Jurisdiction, and Venue

1.   This is an admiralty and maritime claim within the meaning of Rule 9(h), Federal Rules of Civil Procedure, and is a case within the admiralty and maritime jurisdiction of this Court as hereinafter set forth.

2.   This Court has jurisdiction in this cause pursuant to Title 28 U.S.C. § 1333 and 46 U.S.C. § 31325.

3. The Plaintiff is, and at all times material hereto was, a Florida corporation organized and existing under the laws of the State of Florida and authorized to do business in the State of Florida.

4. The Defendant, Tauber, is an individual of majority age, is otherwise *sui juri*, and resides in Miami-Dade County Florida.

5. The Defendant, Vessel, is a recreational vessel hailing in port Indian Creek Island, Florida. The Plaintiff is asserting its right to the Vessel as more fully set forth herein.

6. The Defendant, Vessel, is currently located at 805 Northeast 3rd Street, Dania, Florida 33004-3401.

7. Venue is proper in the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. § 1391. Plaintiff is a Florida corporation organized and existing under the laws of the State of Florida with its principal place of business in Florida. The Defendant Vessel has been brought within the Southern District of Florida.

### General Allegations

8. On February 25, 2009, Defendant, Tauber, made, executed, and delivered a Promissory Note and Security Agreement in the original principal amount of $206,670.22 (the "Note"), in favor of S & G Financial Services, a Florida corporation ("S&G Financial"). A true and correct copy of the Note is incorporated by reference herein and attached hereto as Exhibit "A."

9. On February 25, 2009, Defendant, Tauber, made, executed, and delivered a Mortgage (the "Mortgage") in favor of S&G Financial, securing the Note, for the Vessel named Penguino, HIN# IBW37761K809. A true and correct copy of the Mortgage is incorporated by reference herein and attached hereto as Exhibit "B."

10. On or about February 25, 2009, S&G Financial assigned its interest in the Note and Mortgage to Plaintiff, Intrepid, through an Assignment of First Preferred Ship's Mortgage and Assignment of a Promissory Note and Security Agreement (collectively the "Assignment"). True and correct copies of the assignment is incorporated by reference herein and attached hereto as Exhibit "C."

11. Plaintiff, Intrepid, now owns and holds the Note and Mortgage.

12. Defendant, Tauber, has defaulted under the Note and Mortgage by failing to make the payment due on February 25, 2010, the loan maturity date.

13. In the event of a default under the terms and conditions of the Note, all obligations under the Note have become due and payable.

14. All conditions precedent to the initiation and maintenance of this action have been performed, have occurred, are excused or have been waived.

15. Intrepid has retained the undersigned law firm to represent it in this action and has agreed to pay its attorneys a reasonable fee for their services.

16. Intrepid is entitled to recover its reasonable attorneys' fees and costs from Defendant, Tauber, pursuant to the terms and conditions of the Note and Mortgage.

## COUNT I
### (Suit on Note – Against Defendant – Tauber)

17. Intrepid incorporates by reference and realleges the allegations contained in paragraphs 1 through 15 of the Complaint as if fully set forth herein.

18. On February 25, 2009, Defendant, Tauber, made, executed, and delivered the Note in favor of S&G Financial, which is attached hereto as Exhibit "A."

19. On February 25, 2009, S&G Financial assigned the Note to Plaintiff, Intrepid. The Assignment of the Note is attached hereto as Exhibit "C."

20. Defendant, Tauber, has defaulted under the Note by failing to make the payment due on February 25, 2010, the loan maturity date.

21. Plaintiff, Intrepid, owns and holds the Note.

22. In the event of a default under the terms and conditions of the Note all obligations under the Note have become due and payable immediately at Intrepid's option.

23. Intrepid declares the full amount payable under the Note to be due immediately, together with the accrued interest, late charges, attorneys' fee and costs. There is now due and owing a principal sum of $206,670.22 plus interest, late charges, costs, and attorneys' fees.

24. Intrepid has duly and substantially performed all of its obligations under the Note.

25. All conditions precedent to the initiation and maintenance of this cause of action have been performed, have occurred, are excused or have been waived.

26. Intrepid has retained the undersigned law firm to represent it in this action and has agreed to pay its attorneys a reasonable fee for their services.

27. Intrepid is entitled to recover its reasonable attorneys' fees and costs from Defendant, Tauber, pursuant to the terms of the Note.

**WHEREFORE**, Plaintiff, Intrepid, demands a judgment for damages against Defendant, Tauber, together with interest, late charges, court costs, and attorneys' fees.

### COUNT II
**(Foreclosure of Mortgage – All Defendants)**

28. Intrepid incorporates by reference herein and realleges the allegations contained in paragraphs 1 through 15 of the Complaint as if fully set forth herein.

29. On February 25, 2009, Defendant, Tauber, made, executed, and delivered the Note in favor of S&G Financial, which is attached hereto as Exhibit "A."

30. On February 25, 2009, Defendant, Tauber, made, executed, and delivered the Mortgage in favor of S&G Financial, securing the Note, for the Vessel and to serve as collateral for the payment of monies due under the Note. The Mortgage is attached hereto as Exhibit "B."

31. On February 25, 2009, S&G Financial assigned the Note and Mortgage to Plaintiff, Intrepid. The Assignment is attached hereto as Exhibit "C."

32. Defendant, Tauber, has defaulted under the Note and Mortgage by failing to make the payment due on February 25, 2010, the loan maturity date.

33. Plaintiff, Intrepid, owns and holds the Note and Mortgage.

34. The Vessel is owned by Defendant, Tauber.

35. In the event of a default under the terms and conditions of the Note all obligations under the Note have become due and payable immediately at Intrepid's option.

36. Intrepid declares the full amount payable under the Note to be due immediately, together with the accrued interest, late charges, attorneys' fee and costs.

37. Intrepid has duly and substantially performed all of its obligations under the Note and Mortgage.

38. All conditions precedent to the initiation and maintenance of this cause of action have been performed, have occurred, are excused or have been waived.

39. Intrepid has retained the undersigned law firm to represent it in this action and has agreed to pay its attorneys a reasonable fee for their services.

40. Intrepid is entitled to recover its reasonable attorneys' fees and costs from Defendant, Tauber, pursuant to the terms of the Note and Mortgage.

**WHEREFORE**, Plaintiff, Intrepid, requests judgment:

a. That this Court take jurisdiction of the subject matter hereof and the parties hereto;

b. That this Court decree that Defendant, Tauber, is in breach of the Note and in default of the Mortgage;

c. That the Vessel be sold at a public sale, as provided by law and under this Court's direction;

d. That there be paid out of the proceeds of the sale, the costs and expenses of this suit, including Intrepid's attorney's fees and costs;

e. That a deficiency judgment be entered against Defendant, Tauber, if the proceeds of sale are insufficient to pay Intrepid's claim;

f. That this Court further decree that upon sale being made, the Defendants, or any of them, and every person whose conveyance or encumbrance is recorded subsequent to the filing of the notice of pendency of this action, be forever barred and foreclosed of any and all right, claim, title, interest, lien, and equity of redemption, to or upon the Vessel;

g. That Intrepid may become a purchaser of the Vessel at the sale and may use the Final Judgment for a credit bid of the purchase price.

h. That all parties or persons in possession of the Vessel surrender and forthwith deliver up said premises and Vessel to the purchaser(s) at the sale and that the purchaser(s) of the Vessel at such sale be let into possession of the Vessel and premises on production of the deed to the Vessel;

i. That Intrepid has such other and further relief as the Court deems just, and proper.

**WHEREFORE**, Intrepid demands a judgment foreclosing the Mortgage for the Vessel and, if the proceeds of the sale are insufficient to pay Intrepid's claim for all principal, interests, court costs and attorneys' fees due under the Note, a deficiency judgment against any party liable therefore.

Dated: June 22, 2010.

                                              Respectfully submitted,

                                              GrayRobinson, P.A.
                                              Attorneys for Plaintiff – Intrepid
                                              1221 Brickell Avenue, Suite 1600
                                              Miami, Florida 33131
                                              Phone: (305) 416-6880
                                              Facsimile: (305) 416-6887

                                        By:   /s/ Gary M. Carman, Esq._____
                                                      Gary M. Carman, Esq.
                                                      Florida Bar No. 179409
                                                      Gary.Carman@gray-robinson.com

## **VERIFICATION**

STATE OF   Florida        )
                         )ss
COUNTY OF Pinellas        )

Before me, the undersigned authority, personally appeared _John F. Michel Jr._ on Intrepid's behalf, who, being first duly sworn, deposes and says that: My name is __John F Michel Jr__, am employed by Intrepid as ___President_. I am over 18 years of age, and I have personal knowledge of the factual background set forth in "Plaintiff's Verified Complaint" (the "Complaint's Factual Background"). I have read the Complaint's Factual Background in the captioned action. I know that the statements in the Complaint's Factual Background are true and correct. The matters alleged in the Complaint's Factual Background are within my personal knowledge, with the exception that any assertions in the Complaint's Factual Background that directly relate to legal statutes or legal conclusions are not within my personal knowledge, because I am not an attorney.

BY: _[signature]_

Print Name: _John F. Michel Jr_
Title/Position: _President_

The foregoing instrument was acknowledged before me this _22_ day of June, 2010, by _John F. Michel Jr._, who is personally known to me or who produced a driver's license as identification.

_[signature]_
NOTARY PUBLIC
My commission expires: _July 6, 2013_

CRYSTAL STEELE
MY COMMISSION # DD 891304
EXPIRES: July 6, 2013
Bonded Thru Notary Public Underwriters

\118018\1 - # 1834516 v1

# EXHIBIT A

## PROMISSORY NOTE AND SECURITY AGREEMENT

| BORROWER(S): | LENDER: |
|---|---|
| Name(s): IRWIN E. TAUBER | Name(s): S & G FINANCIAL SERVICES |
| Address: 9551 E BAY HARBOR DRIVE | Address: 3850 BIRD RD, #903 |
| BAY HARBOR, FL 33154 | MIAMI, FL 33146 |
| | DATE: FEBRUARY 25, 2009 |

PROMISE TO PAY AND PAYMENT TERMS: This Promissory Note and Security Agreement ("Note") governs your loan with ("Lender). By signing below, you agree to all terms and conditions of this Note and acknowledge receipt of these documents. BORROWER(S) means everyone who signs below as a borrower, jointly and severally. "You" and "your" refer to BORROWER(S) while "we", "us" and "our" refer to the LENDER. This Note is made and entered into between you and us in **FLORIDA** and you agree that this Note is governed by and will be enforced according to the internal laws of the State of **FLORIDA** and applicable federal law. You promise to pay us the principal amount of $**206,670.22**, plus finance charges accruing on the unpaid balance at the rate of 12% per year.

Interest: Interest will begin to accrue on **FEBRUARY 25, 2009** or on the date of this Agreement if no date is specified, at the rate described below on the unpaid portion of the Principal indebtedness until the Principal has been paid in full. Interest will be calculated on a basis of a 365 day year for the actual number of days any part of the Principal remains outstanding. Interest will be calculated and will accrue according to the provisions in the box below:

### TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE. The cost of your credit as a yearly rate. | FINANCE CHARGE. The dollar amount the credit will cost you. | AMOUNT FINANCED. The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS. The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 12% | $30,991.65 | $206,670.22 | $237,661.87 |

Your payment schedule will be:

| Number of Payment(s) | Amount of Payment(s) | When Payment(s) Is (Are) Due |
|---|---|---|
| 12 | $2,066.70 | Monthly beginning: March 25, 2009 with One final Balloon Payment due February 25, 2010. A payment of $6,191.25 shall be paid at the closing toward the loan origination fee. |

| | |
|---|---|
| Security: | You are giving a security interest in the Collateral being purchased with the loan proceeds. |
| Prepayment: | You may pay off this Note early. If you do so, you will NOT have to pay a penalty. |
| Late Charges: | If all or any portion of any payment is not received within 10 days after its due date, a charge will be made for late payment in The amount of $25.00 |
| Note Document: | See the terms and conditions of this Note for any additional information about nonpayment, default, any required repayment in Full before the scheduled due date, and prepayment refunds and penalties. |

### ITEMIZATION OF AMOUNT FINANCED

1. Amount given to you directly..................................................$ _____
2. Amount paid on your account..................................................$ _____
3. Amount paid to others on your behalf........................................$ _____
   A. Amount paid to Intrepid Southeast, Inc.    $206,670.22
   B. Amount Paid to _____    $ _____
   C. Amount paid to _____    $ _____
4. Total Finance Amount    $206,670.22

SECURITY AGREEMENT: To secure payment of this Note and performance of your obligations under this Note, you grant us a security interest the Collateral described below plus any accessories, equipment and replacement parts installed in the Collateral, any accessions to the Collateral and the proceeds of the Collateral.

Lender is extending this loan to Borrower against the following Collateral:

Year **2009** Manufacturer **INTREPID** Model **370 OPEN** New ☒ Used ☐

Hull Material: ☒ Fiberglass  ☐ Wood  ☐ Metal  L/O/A _____

Engine(s) ☒ Gas  Year: **2009** H.P. **350**

☐ Diesel Engine   Serial # (P) 6AXX1001686 (C) 6AWU1003490 (S) 6AWX1002259

Manufacturer: YAMAHA

Name of Boat: _____   State/Coast Guard Official Number _____

Hull Serial # **IBW37761K809**   Home Port _____

Winter Storage _____   Summer Storage _____

X _____   X _____
BORROWER: IRWIN E. TAUBER         CO-BORROWER

STATE Florida
COUNTY Dade

On this 21 day of **FEBRUARY, 2009**, before me personally appeared IRWIN E. TAUBER who is (are) either personally known to me or has provided proper identification substantiating his/her (their) indentity(ies) and who declared that he/she (they) have executed the above instrument of his/her (their) own free will.

NOTARY SEAL
ADRIANA GARCIA-ROMAN
Comm# DD0715839
Expires 9/22/2011
Florida Notary Assn., Inc

Notary Signature _____
9 22 2011
My Commission Expires

FINANCE CHARGE: This is a simple interest note. The Finance Charge is figured on a 365 day simple interest basis by applying the ratio of the Annual Percentage Rate over a 365 (366 in a leap year) multiplied by the outstanding principal balance and multiplied by the actual number of days the principal balance is outstanding. Your actual Finance Charge will depend on you payment patterns. The actual Finance Charge may be more than the Finance Charge disclosed on the front of this Note if you make your payments later than the scheduled dates or in less than the scheduled amount. Payments will be applied first to the earned Finance Charge and then to the unpaid Amount Financed. You may prepay this Note at any time.

INSURANCE: You agree to obtain, pay for and maintain insurance for the term of this Note against loss of or damage to the Collateral with a policy acceptable to us. This policy may be obtained through an existing policy of Insurance owned or controlled by you or from an Insurer and agent of your choice that is authorized to sell such Insurance and is reasonably acceptable to us. The insurance you maintain will include comprehensive, fire, theft, hull damage, marine disaster, and collision coverage (as applicable), insuring the Collateral in an amount sufficient to cover the Collateral's actual cash value with a maximum deductible of 1% of the outstanding principal balance. You must name us as loss payee. You must provide us with a copy of your insurance policy acceptable to us within 30 days after the date of this Note and thereafter upon request. You agree to assign the proceeds of any insurance to us to the extent of the debt you owe and agree that the insurance company may pay us directly. You agree that we have an irrevocable power of attorney to file proofs of loss and anything else necessary to obtain the insurance proceeds in your name, including without limitation, the right to endorse your name on any insurance draft, check or instrument. If the Collateral is stolen, lost, damaged or destroyed, we can use any insurance settlement either to repair the Collateral or to apply to your debt. Whether or not the Collateral is insured, you will pay us all you owe under this Note even if the Collateral is stolen, lost, damaged, or destroyed. Liability Insurance coverage for bodily injury and property damage caused to others is not included as part of this Note.

DEFAULT: To the extent permitted by state law, you will be in default under this Note if any of the following things happen: (1) you fail to make any payment in full or fail to pay any other charge; (2) you break any promise or condition made in this Note or in any other agreement you have with us; (3) you fail to keep required insurance in force; (4) you give us false or misleading information on any document, (5) you die, are declared incompetent, become insolvent, file a bankruptcy petition, have a bankruptcy petition filed against you or dissolve or cease active business affairs, as applicable; (6) Collateral is seized, confiscated or levied upon by governmental or legal process; (7) the Collateral is destroyed, stolen or damaged beyond repair; (8) if a license is required to operate the Collateral, your license is revoked; (9) if the Collateral is not maintained in a condition acceptable to LENDER; (10) if you fail to pay any taxes which may be levied upon the Collateral; or (11) anything else happens that we reasonably believe in good faith endangers the Collateral or your ability to pay.

REMEDIES FOR DEFAULT: If you are in default under this Note, we may take any one or more of the following actions, to the extend not prohibited by state law: (1) terminate this Note and declare the entire unpaid debt immediately due and payable, if allowed by law: (2) take possession of the Collateral without prior demand, unless otherwise required by law. We may take any personal property that is in or on the Collateral when we take it. We will hold the personal property for you for 10 days, but we will neither be responsible for safekeeping such property nor be required to notify you about it. If you do not pick up the property within that time, we may dispose of it in any way we determine; (3) take any reasonable action to correct the default or to prevent our loss. You agree to reimburse us for any amounts we pay to correct or cover your default; (4) require you to return the Collateral and any related records or make them available to us in a reasonable manner; (5) make a claim for any and all insurance or service contract benefits or refunds that may be available on your default or on the termination of the Note and apply any amount received to the amount you owe; or (6) use any remedy we have at law or in equity.

If you make any payment after we have demanded payment of the entire balance due, your payment will be applied to the unpaid balance. Your debt will be the unpaid balance of the amount financed, plus accrued finance charges, unpaid late charges, collection costs, and all other amounts due to us under this Note. If the net proceeds of the Collateral sold do not pay your indebtedness in full, you will pay us the difference, plus interest at the Annual Percentage Rate until paid in full.

SET-OFF: You agree that we may set-off any amount due and payable under this Note against any right you have to receive money from us. Right to receive money from us means (1) any deposit account balance you have with us (2) any money owed to you on an item presented to us or in our possession for collection or exchange, and (3) any repurchase agreement or other non-deposit obligation. Any amount due or payable under this Note means the total amount of which we are entitled to demand payments under the terms of this Note at the time we set-off. This total includes any balance the due date for which the property accelerate under this Note. If your right to receive money from us is also owned by someone who has not agreed to pay this Note, our right to set-off will apply to your interest in the obligation and to any other amounts you could withdraw on your sole request or endorsement. Our right to set-off does not apply to an account or other obligation where your rights arise only in a representative capacity. It also does not apply to any Individual Retirement Account or other tax-deferred retirement account. We will not be liable for the dishonor of any check when the dishonor occurs because we set-off this debt against any of your accounts. You agree to hold us harmless from any such claims arising as a result of our exercise of our right to set-off.

RETURNED INSTRUMENT CHARGE: If you make a payment by check, draft, or other similar instrument which is returned to us unpaid for any reason, including, but not limited to, non-sufficient funds, you will pay a returned instrument charge assessed by the institution for processing a refused instrument plus a handling fee of not more than $29.00. The returned instrument charge may be added, without notice, to your outstanding balance under this Note and accrue interest at the Annual Percentage Rate.

OTHER TERMS: Each person who signs the Note as BORROWER is jointly and severally liable under this Note. Each person who signs this Note as BORROWER is fully liable for any payments, whether or not we try to collect from the other signers. Each BORROWER, including co-makers, co-signer, surety endorser or guarantor, individually and jointly, waives presentment, demand, protest or notice and any notice that we are demanding payment in full of the entire outstanding balance because of default or for any other reason. You cannot assign, sell, give a security interest in or arrange an assumption of your interests or rights under this Note or in the Collateral. We can assign the Note to another party, who will have all our rights. If this Note is sold or otherwise transferred, your rights under the law or under this Note are in no way altered or impaired. If any provision in this Note is held to be unenforceable, void, illegal or otherwise against applicable law, the other provisions shall survive and be enforceable separately from any voided provisions. We do not give up any of our rights by delaying or failing to exercise them on any one or more occasions.

Important: Read before signing. The term of this Note should be read carefully because only those terms in writing are enforceable. No other terms or oral promises not contained in this Note may be legally enforced. You may change the terms of this Note only by another written agreement signed by you and us. This note is a final expression of the credit agreement between you and us. This Note is may not be contradicted by evidence of any prior oral credit agreement or of a contemporaneous oral credit agreement between you and us. Oral agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable. To protect you and us from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this Note, which is the complete and exclusive statement of the agreement between you and us, except as you and us may later agree in writing to modify it.

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF THE GOODS OR SERVICE OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

Initial _____

# EXHIBIT B

Document Type: MORTGAGE
Batch Number: 679718
Document ID: 10130951
User ID: SCANNER4
Filed Date/Time: 03-MAR-2009 08:45 AM

**ORTGAGE**     **1218538**

Maturity Date FEBRUARY 25, 2010, Dated FEBRUARY 25, 2009, E BAY HARBOR DRIVE, BAY HARBOR, FL 33154 (hereinafter MIAMI, FL 33146 (Hereinafter called "Mortgagee").

WITNESSETH: WHEREAS, the maker, Mortgagor herein, is the sole owner of the whole of the vessel (if more than one vessel is mortgaged hereunder, the term "vessel" means each such vessel) hereinafter named and described, and is justly indebted to the Mortgagee, as evidenced by Marine Note and Security Agreement ("Note") dated FEBRUARY 25, 2009, in the principal amount of $ 206,670.22, payable to the order of Mortgagee as per the terms of said Note, and has agreed to give this Mortgage as security, and has authorized and directed the execution and delivery hereof, NOW, THEREFORE, in consideration of the premises and for other good and valuable considerations, receipt of all of which is hereby acknowledged, and to secure payment of said indebtedness and interest and other sums that hereafter may become due pursuant hereto and the performance of all covenants hereof, Owner by these presents mortgages and conveys unto Mortgagee, its successors and assigns, the whole of the self propelled Vessel named below and further described in the last marine document (s) issued and identified as follows:

NAME : PENGUINO      HOMEPORT: FALLING WATERS, WV      OFFICIAL NO. N/A

HIN.# IBW37761K809      GROSS TONS ____      NET TONS ____

together with all masts, boilers, cables, engines, machinery, bowsprits, sails riggings, boats, anchors, chains, tackle, apparel, furniture, fittings, tools, pumps, equipment and supplies, and all fishing and other appurtenances and accessories and additions, improvements and replacements now or hereafter belonging thereto, whether or not removed therefrom, all of which shall be deemed to be included in the term "vessel" herein, and said document (s) being deemed included herein by reference; TO HAVE AND TO HOLD all and singular the above described vessel unto Mortgagee, its successors and assigns, forever; PROVIDED, HOWEVER, that if Owner, his heirs, executors, administrators or its successors or assigns shall perform and observe all and singular terms, covenants and agreements herein, then this Mortgage shall cease, otherwise to remain in full force and effect. Nothing herein shall be deemed or construed to subject to the lien hereof any property other than a vessel as the term is used in the Ship Mortgage Act, 1920 now repealed as amended and recodified, under chapter 313, 46 U.S. code. Owner agrees to pay said indebtedness with interest thereon as herein and in said note provided, and to perform and observe the further terms, covenants and agreements herein, and to hold the vessel subject thereto.

### ARTICLE 1 - PARTICULAR COVENANTS OF OWNER

Owner covenants as follows:

1. Owner is and shall continue to be a citizen of the United States entitled to own and operate the vessel under the marine document, which Owner shall maintain in full force and effect; and all action necessary for the execution delivery and validity hereof and of said note has been duly taken. If a corporation, Owner is duly organized and is and shall continue in good standing under the laws of the State of N/A and authorized to do business and in good standing in any other State wherein Owner regularly does business.

2. Owner lawfully owns and possesses the vessel free from all liens and encumbrances whatsoever except as may hereinbelow be specified and shall warrant and defend title to and possession of all and every part thereof for the benefit of Mortgagee against all persons whomsoever. Owner shall not set up against Mortgagee and/or any assignee of this Mortgage any claim of Owner against Mortgagee and/or assignee under any past or future transaction.

3. Owner shall at his (its) own expense, keep the vessel fully and adequately insured under usual full marine insurance with policy valuation not exceeding the amount insured and, in the aggregate as to all vessels mortgaged herein, in at least the amount of the unpaid principal balance of this Mortgage, and shall maintain insurance to cover protection and indemnity risks, tower's liability risks if the vessel performs towage, employees' compensation and/or other risks and liabilities from time to time specified by Mortgagee. The insurance company and form of policy must be reasonably acceptable to Mortgagee. All insurance shall be taken out in the name of Owner and shall by its terms be payable to Mortgagee for account of Mortgagee and Owner as their respective interests may appear, and all policy forms, underwriters to agree reasonably in advance to notify, Mortgagee's approval. Owner shall notify, and shall request underwriters to agree reasonably in advance to notify, Mortgagee of any cancellation of or material change in any insurance coverage. All policies, binders and cover notes shall be delivered to Mortgagee with evidence satisfactory to it that all premiums and other charges therefore have been fully paid. Owner shall maintain all such insurance unimpaired by any act, breach of warranty or otherwise.

4. Owner shall comply with and not permit the vessel to be operated contrary to any provision of the laws, treaties, conventions, rules, regulations or orders of the United States, any State and/or any other jurisdiction wherein operated, and/or of any department or agency thereof, nor remove the vessel from the limits of the United States save on voyages with the intent of returning, nor abandon the vessel in any foreign port. Owner shall do everything necessary to establish and maintain this Mortgage as a Preferred Ships Mortgage on said vessel.

5. Neither the Owner, Agent nor Master of the vessel has or shall have any right, power or authority to create incur or permit to be placed or imposed on the vessel or any part thereof any lien whatsoever other than to the Mortgagee or for crew's wages or salvage.

6. Owner shall place and keep prominently in the pilot house (if any), chart room or Master's Cabin or elsewhere on the vessel as specified by Mortgagee any notice of this Mortgage required by Mortgagee and shall keep a proper copy hereof with the ships papers and exhibit the same to all persons having business with the vessel, and to Mortgagee on demand.

7. Owner shall pay when due all taxes, assessments, governmental charges, fines and penalties lawfully imposed and promptly discharge any and all liens whatsoever upon the vessel. Owner shall at his (its) own expense at all times maintain the vessel in thorough repair and working order and shall make all proper renewals and replacements.

8. If the vessel shall be libeled, attached, detained, seized or levied upon or taken into custody under process or under color of any authority, Owner shall forthwith notify Mortgagee by telegram, confirmed by letter, and forthwith discharge or release the vessel therefrom, within the time period as defined in the Note after such libel, attachment, detention, seizure, levy or taking into custody.

9. Owner shall at all times afford Mortgagee complete opportunity to inspect the vessel and cargoes and papers thereof, and to examine Owner's related accounts and records; and shall certify quarterly and if Mortgagee requests, monthly, that all wages and all other claims whatsoever which might have given rise to a lien upon the vessel have been paid.

10. Owner shall not, without the prior written consent of Mortgagee, sell or mortgage the vessel or any interest therein nor charter her except to persons and for uses lawful for American vessels and then only provided said insurance be unaffected thereby or adequately replaced; nor, if a corporation, merge or consolidate with any other person, firm or corporation, or dissolve.

11. From time to time Owner shall execute and deliver such other and further instruments and assurances as in the opinion of Mortgagee's counsel may be required to subject the vessel more effectually to the lien hereof and to the payment of said indebtedness and for operation of the vessel as herein provided, and to effectuate sales as provided in paragraph (C) of Section 1 of Article II.

### ARTICLE II – DEFAULT

1. In any one or more of the following events, herein termed "events of default," viz.:

Revised May, 2000

(a) Default in the punctual payment of the principal of the note secured hereby or any installment thereof, or in the due and punctual performance of any provision of Sections 3, 4, 5, 6, 8 and 10 of Article I hereof, or attempt in violate Sections 4 and 10 of Article I hereof, or default as defined in the Note in the performance of any other covenant herein; or

(b) Commission of an act of bankruptcy by Owner or approval by any court of a petition or answer asking for reorganization, arrangement, extension or other relief under any bankruptcy law; or appointment of a receiver for Owner or any of Owner's property or the taking by any court of any action comparable thereto; or rendition of a final judgment against Owner for the payment of money and failure of Owner to discharge the same within ninety (90) days or stay the execution thereof pending appeal; or Mortgagee's conclusion in good faith at any time that, through actual or prospective impairment of Owner's net current asset position, net worth, asset-liability ratio, or earnings, or through prospective violation of any provision of this Mortgage, Mortgagee is in danger of losing said debt, or any part thereof, by delaying collection thereof until the time above limited for the payment thereof; then, and in every such case, Mortgagee may:

(A) Declare the principal of said note and all accrued interest thereon to be and they shall then become and be due and payable forthwith within the period of time as defined in the Note;

(B) Recover judgment for, and collect out of any property of Owner, any amount thereby or otherwise due hereunder; and/or collect all earned charter hire and freight monies relating to services performed by the vessel. Owner hereby assigning to Mortgagee such earned charter hire and freight monies then owing; and/or

(C) Retake the vessel without legal process at any time wherever the same may be and without being responsible for loss or damage, hold and in Mortgagee's or in Owner's name lease, charter, operate or otherwise use the vessel for such time and on such terms as Mortgagee may deem advisable, being accountable for net profits, if any, and with the right to dock the vessel free of charge at Owner's premises or elsewhere at Owner's expense; and/or sell the vessel, free from any claim by Owner of any nature whatsoever, in the manner provided by law; to the extent permitted by law, such sale may be public or private, without notice, without having the vessel present, and/or Mortgagee may become the purchaser.

For such purpose Mortgagee and its agents are hereby irrevocably appointed the true and lawful attorneys of Owner in his (its) name and stead to make all necessary transfers of the vessel thus sold.

2. In the event that the vessel shall be arrested or detained by any officer of any court or by any other authority, Owner hereby authorizes Mortgagee, its officers, representatives and appointees, in the name of Owner or of Mortgagee, to receive or to take possession thereof, and to defend any action and/or discharge any lien.

3. Each and every power or remedy herein given to Mortgagee shall be cumulative, and in addition to all powers or remedies now or whereafter existing in admiralty, in equity, at law or by statute, and may be exercised as often as may be deemed expedient by Mortgagee. No delay or omission by Mortgagee shall impair any right, power or remedy, and no waiver of any default shall waive any other default. In any suit Mortgagee shall be entitled to obtain appointment of a receiver of the vessel and the earnings thereof, who shall have full rights and powers to use and operate the vessel, and to obtain a decree ordering and directing the sale and disposition thereof.

4. The net proceeds of any judicial or other sale, and any charter, management, operation or other use of the vessel by Mortgagee, of any claim for damages, of any judgment, and any insurance received by Mortgagee (except to the extent paid to Owner or applied in payment of repairs or otherwise for Owner's benefit) shall be applied as follows:

FIRST: To the payment of all attorney's fees, court costs, and any other expenses, losses, charges, damages incurred or advances made by Mortgagee in the protection of its rights or caused by Owner's default hereunder or under the note secured hereby as defined in the Note; and to provide adequate indemnity against any liens for which priority over this Mortgage is claimed;

SECOND: To the payment of all interest, to date of payment, on the note and any or all other sums secured hereby, and as to any balance of such proceeds, to the payment next of any or all matured installments of principal and then of any or all unmatured installments of principal in the inverse order of their maturity.

Mortgagee shall be entitled to collect any deficiency from Owner. Owner shall be entitled to any surplus, subject to set-off in favor of Mortgagee for any other indebtedness of Owner.

5. All advances and expenditures which Mortgagee in its discretion may make for repairs, insurance, payment of liens or other claims, defense of suits, or for any other purpose whatsoever related hereto to said note and all damages sustained by Mortgagee because of defaults, shall be repaired by Owner as defined in the Note, and until so paid shall be a debt due from Owner to Mortgagee secured by the lien hereof. Mortgagee shall not be obligated to make any such advances or expenditures, nor shall the making thereof relieve Owner of any obligation or default with respect thereto.

ARTICLE III - POSSESSION UNTIL DEFAULT

Until one or more of the events of default hereinbefore described, Owner shall be permitted to retain actual possession and use of the vessel.

ARTICLE IV - SUNDRY PROVISIONS

All covenants and agreements of Owner herein contained shall bind Owner, his heirs, executors, administrators and assigns, or its successors and assigns, and shall inure to the benefit of Mortgagee and its successors and assigns. Following any assignment hereof, any reference herein to "Mortgagee" shall; be deemed to refer to the assignees. If more than one person is the Owner herein, "his" shall mean "their."

FUTURE ADVANCES This mortgage is executed for the purpose of securing not only the payment of the above described note but also to secure all future advances made by the holder of said note to the mortgagor; and said mortgage shall remain in full force and effect to secure all future advances and all renewals or extensions of the above described note. IN WITNESS WHEREOF on the day and year first above written, Owner has executed this Mortgage or if a corporation, has caused the Mortgage to be executed in its name and its corporate seal to be affixed hereto by its proper officers thereunto duly authorized.

BY __[signature]__
     IRWIN E. TAUBER

BY _____

STATE OF __Florida__          COUNTY OF __Broward__

On this __25__ day of FEBRUARY, 2009, personally appeared before me, IRWIN E. TAUBER (INDIVIDUAL) to me known to be the person who executed the foregoing Mortgage, and (he)(she)(they) acknowledged to me that (he)(she)(they) executed and delivered the same as (his)(her)(their) free act and deed for the uses and purpose therein set forth.

N/A who being duly sworn, deposed and said he/she is the N/A of N/A the corporation which is described in and which executed the foregoing instrument and by order of the Board of Directors for this corporation he/she signed his/her name hereto and acknowledged it to be the free act and deed of said corporation.

NOTARY PUBLIC X __[signature]__     MY COMMISSION EXPIRES OF FLORIDA (SEAL OR STAMP)

Todd M. Furrow
Commission #DD796942
Expires: SEP. 13, 2012
BONDED THRU ATLANTIC BONDING CO., INC.

Revised May, 2000

# EXHIBIT C

## ASSIGNMENT OF A PROMISSORY NOTE AND SECURITY AGREEMENT

### HOMEPORT: NVDC AT FALLING WATERS, WV

| VESSEL NAME | PENGUINO |
|---|---|
| OFFICIAL NO· | N/A |
| HULL SERIAL NO· | IBW37761K809 |

| LENDER | CAPACITY |
|---|---|
| S & G FINANCIAL SERVICES<br>3850 BIRD ROAD, STE. 903<br>MIAMI, FL 33146 | |

| ASSIGNEE | | CAPACITY |
|---|---|---|
| OWNER: | INTREPID FINANCIAL SERVICES INC | |
| CO-OWNER: | | |
| ADDRESS: | 11700 S BELCHER ROAD | |
| | LARGO FL 33773 | |

| AMOUNT OF NOTE | DATE OF NOTE |
|---|---|
| $206,670.22 | FEBRUARY 25 2009 |

| ASSIGNMENT | CAPACITY |
|---|---|
| | |

| DATE | ASSIGNOR: |
|---|---|
| | X _[signature]_<br>PRINT NAME/TITLE: JORGE GALCERAN, PRESIDENT |

STATE OF: Florida   COUNTY OF: Miami Dade

BE IT KNOWN, THAT ON THIS 25th DAY OF February, 2009, PERSONALLY APPEARED BEFORE ME known personally, WHO BEING DULY SWORN DEPOSED AND SAID THAT HE/SHE IS THE _____ OF _____, THE CORPORATION WHICH IS DESCRIBED IN AND EXECUTED THE WITHIN INSTRUMENT, AND THAT HE/SHE AFFIXED THEIR SIGNATURE BY ORDER OF THE BOARD OF DIRECTORS OF SAID CORPORATION AND ACKNOWLEDGED THE WITHIN INSTRUMENT TO BE THE FREE ACT AND DEED OF THE SAID CORPORATION.

IN TESTIMONY WHEREOF, I HAVE HEREUNTO SET MY HAND AND SEAL THIS 25th DAY OF February, 2009.

NOTARY PUBLIC: _Cecie Mestre_
MY COMMISSION EXPIRES: 12/21/2009

SEAL:
CECIE MESTRE
Comm# DD0501209
Expires 12/21/2009
Bonded thru (800)432-4254
Florida Notary Assn., Inc

# ASSIGNMENT OF FIRST PREFERRED SHIP'S MORTGAGE

## HOMEPORT: NVDC AT FALLING WATERS, WV

| VESSEL NAME | PENGUINO |
|---|---|
| OFFICIAL NO | N/A |
| HULL SERIAL NO | IBW37761K809 |

| MORTGAGEE / ASSIGNOR | CAPACITY |
|---|---|
| S & G FINANCIAL SERVICES<br>3850 BIRD ROAD, STE. 903<br>MIAMI, FL 33146 | |

| MORTGAGOR | | CAPACITY |
|---|---|---|
| OWNER: | IRWIN E. TAUBER | |
| CO-OWNER: | | |
| ADDRESS: | 9551 E BAY HARBOR DRIVE | |
| | BAY HARBOR FL 33154 | |

| AMOUNT OF MORTGAGE | DATE OF MORTGAGE |
|---|---|
| $206,670.22 | FEBRUARY 25 2009 |

| ASSIGNMENT | CAPACITY |
|---|---|
| ASSIGNED TO: INTREPID FINANCIAL SERVICES INC | |

| DATE 02/25/2009 | ASSIGNOR: S&G FINANCIAL SERVICES |
|---|---|
| X _____ | |
| PRINT NAME/TITLE: JORGE GALCERAN, PRESIDENT | |

STATE OF: Florida   COUNTY OF: Miami Dade

BE IT KNOWN, THAT ON THIS 25th DAY OF February, 2009, PERSONALLY APPEARED BEFORE ME known personally, WHO BEING DULY SWORN DEPOSED AND SAID THAT HE/SHE IS THE _____ OF _____, THE CORPORATION WHICH IS DESCRIBED IN AND EXECUTED THE WITHIN INSTRUMENT, AND THAT HE/SHE AFFIXED THEIR SIGNATURE BY ORDER OF THE BOARD OF DIRECTORS OF SAID CORPORATION AND ACKNOWLEDGED THE WITHIN INSTRUMENT TO BE THE FREE ACT AND DEED OF THE SAID CORPORATION.

IN TESTIMONY WHEREOF, I HAVE HEREUNTO SET MY HAND AND SEAL THIS 25th DAY OF February, 2009.

SEAL:

NOTARY PUBLIC: Cecie Mestre
MY COMMISSION EXPIRES: 12/21/2009

CECIE MESTRE
Comm# DD0501209
Expires 12/21/2009
Bonded thru (800)432-4254
Florida Notary Assn., Inc